**FILED**

JUN 1 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE L. SOHAL,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA SUPERIOR COURT et al.,<br><br>    Defendants. | No. C 08-01570 MHP<br><br>**ORDER**<br><br>**Re: Denying *In Forma Pauperis* Application and Dismissing Complaint** |

    Plaintiff filed this action under 42 U.S.C. section 1983 to recover damages against defendants California Superior Court, County of Alameda, Superior Court Clerks, and Does 1 through 10 for violation of her rights to substantive and procedural due process under the Fourteenth Amendment of the U.S. Constitution. Complaint ¶ 1. Plaintiff alleges that defendants stole, destroyed, altered, and/or falsified plaintiff's records and filings lodged with the Alameda County Superior Court. See Complaint, Exh. A, Attachment I ¶ 1. As a direct and proximate cause of defendants' wrongdoing, plaintiff alleges that she sustained personal injury resulting in an aggravation to a pre-existing anxiety-stress disorder. Id. ¶ 2. Plaintiff alleges further that the customs, practices, and policies of the defendant amounted to a deliberate indifference of plaintiff's rights. Complaint ¶ 12.

    Under 42 U.S.C. section 1983, judicial officers have absolute immunity from suits for monetary damages for their judicial acts. Stump v. Sparkman, 435 U.S. 349 (1978). Absolute judicial immunity exists "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (citing Bradley v. Fisher, 80 U.S. 335, 347 (1871)) (superseded by statute on other grounds).

Court personnel, including court clerks and law clerks, are also entitled to absolute immunity insofar as they perform quasi-judicial functions or other tasks that are an integral part of the judicial process. Moore, 96 F.3d at 1244 (even if court clerk deceived plaintiff about the status of a bond, clerk was entitled to absolute immunity since clerk's act fell with judge's quasi-judicial duties); see also Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987) (clerks who erred in failing to carry out their alleged duties by accepting and filing an incomplete bankruptcy petition and by later refusing to accept an amended petition, were performing tasks integral to the judicial process and were entitled to absolute immunity from damages); cf. Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993) (court reporters were not absolutely immune from damages liability for failure to produce a transcript of a federal criminal trial because, among other reasons, function performed by court reporters was not part of judicial function).

Here, like the court clerks in both Moore and Mullis, the clerks of the Alameda County Superior Court were performing tasks integral to the judicial process. "The commencement of an action by filing a complaint or petition is a basic and integral part of the judicial process." Mullis, 828 F.2d at 1390. Similarly, the filing of additional motions, exhibits, declarations and other documents are also basic and integral to the judicial process. Even assuming that plaintiff's allegations are true and that the Alameda County Court clerks deliberately mishandled her filings, the clerks are entitled to absolute immunity from damages.

Having concluded that plaintiff's complaint fails to state a claim on which relief can be granted, the court hereby **DENIES** the *in forma pauperis* application and **DISMISSES** the complaint *sua sponte* pursuant to 28 U.S.C. section 1915(e)(2)(B)(ii) (providing that for proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that the action fails to state a claim on which relief may be granted"). **IT IS SO ORDERED.**

Dated: 6/17/08

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE L. SOHAL et al, | Case Number: CV08-01570 MHP |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| CALIFORNIA SUPERIOR COURT et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 18, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jacqueline L. Vaughn
975 62nd Street
Oakland, CA 94608

Jasmine L. (Benjamin) Sohal
975 62nd Street
Oakland, CA 94608

Dated: June 18, 2008

Richard W. Wieking, Clerk
By: Anthony Bowser, Deputy Clerk